UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



PS

JAMES R. DUNCAN,

Plaintiff,

-v-

16-CV-6328L
ORDER

JAMES E. CROWELL, LT. QUAGLIANA,
SERGEANT     FULLER,     OFFICER
DORMAN, OFFICER VERES

Defendants.

## INTRODUCTION

Plaintiff, James R. Duncan, a prisoner incarcerated at Chatauqua County Jail,

has filed this action seeking relief under 42 U.S.C. § 1983 (Docket No. 1). Plaintiff has

both requested permission to proceed *in forma pauperis* and filed a signed

Authorization (Docket No. 3). Plaintiff has also moved for assignment of counsel and to

amend his Complaint (Docket Nos. 2 and 4). Plaintiff alleges that his rights under the

First Amendment were violated when he was denied access to books mailed to him at

the jail, that he is denied reasonable exercise while in the segregated housing unit, that

Defendants refused to assist him in releasing property from another facility, and that he

was denied Due Process at a disciplinary hearing, as more specifically detailed in his

Complaint. For the reasons discussed below, Plaintiff's request to proceed as a poor

person is granted, as is his application to amend the Complaint. However, Plaintiff's

request for counsel is denied without prejudice, and some of his claims will be

dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless Plaintiff files an

Amended Complaint as directed below.

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, Plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this Complaint. In evaluating the Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the Plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly* - "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the Complaint, the Court finds that some of Plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

## Insufficient Exercise Claim

Plaintiff alleges that he has been denied all meaningful exercise while placed in his segregation cell in violation of his Eighth Amendment right to be free of cruel and unusual punishment. The test to determine whether there has been an Eighth Amendment violation has been summarized in this way:

"clearly established law in this Circuit [establishes] that 'exercise is one of the basic human needs protected by the Eighth Amendment.' However, not every deprivation of exercise amounts to a constitutional violation. Rather, a plaintiff must show that he was denied all meaningful exercise for a substantial period of time."

*Williams v Goord*, 142 F Supp 2d 416, 425 (SDNY 2001) (internal citations omitted).

Plaintiff alleges that he is permitted one hour per day of recreation, which consists of being housed in a larger cell where his only opportunity to exercise is to walk. Plaintiff has not set forth allegations which would permit the Court to determine whether the deprivation continued "for a substantial period of time". Plaintiff's Eighth Amendment claims are therefore subject to dismissal. Additionally, limited exercise for one hour per day has been found to be consistent with Eighth Amendment

3

requirements. *See Anderson v. Coughlin*, 757 F.2d 33, 35 (2nd Cir. 1985) (citing with approval "outdoor exercise for one hour 'in a small, enclosed yard, open to the sky'"); *see also Williams v. Greifinger*, 97 F.3d 699 (2nd Cir. 1996). Plaintiff has therefore failed to set forth sufficient allegations regarding the inadequacy of his exercise opportunities. Plaintiff will be permitted to amend to set forth allegations sufficient to establish that the punishment inflicted upon him was unduly limiting, and that it continued for a significant period of time. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a)(2) ("court should freely give leave when justice so requires").

**Lost Property**

Plaintiff alleges that he was denied Due Process of Law when Defendant Fuller refused Plaintiff's request that Fuller call another facility where Plaintiff's belongings were being held to have them transferred. Plaintiff states that he made the request on March 21, 2016, and that his property was due to be disposed of after thirty days, a period which expired on March 24, 2016. Plaintiff further states that his request that a document releasing the property be faxed to the other facility was also denied. Finally, Plaintiff states that his request for notary services from Defendant Quagliana was not granted in a timely fashion under New York State regulations. Plaintiff alleges that the failure to honor his requests represents a denial of his rights under the Fourteenth Amendment.

With regard to the Defendant's failure to offer sufficient assistance in dealing with property held at another jail, Plaintiff's allegation that state regulations have been

4

violated does not state a constitutional claim. *See Bolden v. Alston*, 810 F.2d 353, 358 (2d Cir.), *cert. denied*, 484 U.S. 896 (1987). "As a general rule, there is no federal right to have state law properly administered." *Ramirez v. Holmes*, 921 F. Supp. 204, 208 (S.D.N.Y. 1996) (citing *Smith v. O'Connor*, 901 F. Supp. 644, 647-648 (S.D.N.Y. 1995), which quoted *Taylor v. Nichols*, 409 F. Supp. 927, 933 (D.Kan. 1976), *aff'd*, 558 F.2d 561 (10th Cir. 1977), to the effect that "[a]n individual's right to have the relevant state laws strictly obeyed is not a federal right protected by the Civil Rights Act of 1871 or the Constitution of the United States"). Plaintiff has thus failed to set forth allegations of a Due Process violation.

Further, a "claim for deprivation of property cannot lie in federal court if the state courts provide an adequate remedy for the deprivation of that property. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ... Because New York State provides an adequate post-deprivation remedy for destruction of his property, plaintiff may pursue his claim in state court." *Smith v. O'Connor*, 901 F Supp 644, 647 (SDNY 1995). Moreover, while the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,106 F.3d 11, 18 (2d Cir. 1997) ("Leave to amend need not be granted, however, where the proposed amendment would be 'futil[e].'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam). As Plaintiff has an adequate post-deprivation remedy in state court, any amendment would be futile. Plaintiff's Due Process claims for loss of his property are therefore dismissed with prejudice.

5

**Disciplinary Hearing Claim**

Plaintiff alleges that he was denied Due Process at his prison disciplinary hearing. However, to adequately plead such a claim a complaint must set forth allegations sufficient to trigger the requirements of Due Process. *Sandin v Conner*, 515 US 472, 486 (1995). New York State regulations do grant to an inmate an interest in remaining free from disciplinary confinement, however, to attach the protections of the Due Process Clause to this interest, *Sandin* requires an evaluation of whether the conditions of plaintiff's disciplinary confinement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *id.* at 484. In the absence of allegations sufficient to trigger the requirements of Due Process, Plaintiff's Complaint is subject to dismissal. *See Palmer v Richards*, 364 F3d 60, 64 (2d Cir 2004) ("Factors relevant to determining whether the plaintiff endured an atypical and significant hardship include the extent to which the conditions of the disciplinary segregation differ from other routine prison conditions and the duration of the disciplinary segregation imposed compared to discretionary confinement.") (internal quotation marks omitted). Plaintiff's Complaint does not set forth the nature of the punishment he suffered as a result of the disciplinary hearing other than that it involved an unstated period of time in the segregated housing unit. "Both the conditions and their duration must be considered" *Palmer v. Richards*, 364 F3d 60, 64 (2d Cir. 2004). "A period of confinement under typical SHU conditions lasting longer than 305 days, for example, triggers a protected liberty interest, whereas a period of confinement lasting between 101 and 305 days may trigger a protected liberty interest, depending on the specific conditions of confinement." *Gonzalez v. Hasty*, 802 F3d 212, 223 (2d Cir. 2015). Because it fails to set forth allegations regarding the duration of the segregation, Plaintiff's Complaint therefore fails

6

to meet the requirements of *Sandin*. Plaintiff will be permitted to amend his Complaint to set forth allegations concerning the duration of his punishment.

**Plaintiff's Request to Amend**

Plaintiff has filed a request to amend to add additional claims against Defendants (Docket No. 4). Plaintiff's request to amend is granted and Docket No. 4 will be treated as a supplement to his Complaint. The amendment alleges that Plaintiff's rights under the First Amendment were violated when he was prohibited from receiving two books he had ordered. Plaintiff alleges that the books were refused to him because they violated jail policy restricting inmates to new books in unopened store packaging (Docket No. 4 p. 10).

Some degree of censorship in a prison context is unavoidable and appropriate, "the relevant inquiry is whether the actions of prison officials were 'reasonably related to legitimate penological interests.'" *Thornburgh v. Abbott*, 490 U.S. 401, 409 (1989). *Turner v. Safley*, 482 U.S. 78, 89 (1987), sets forth a three-step analysis to determine whether prison regulations are reasonable: first, the governmental objective must be legitimate and neutral; second, a review must be conducted to determine whether an alternative means of exercising the right is open to prisoners; and third, the impact on guards and other inmates of any possible accommodation must be reviewed. *Id.*

While a blanket restriction on the receipt of hardcover books was upheld in *Bell v. Wolfish*, 441 U.S. 520 (1979), the Second Circuit has observed that during initial screening: "[a]t this point, we do not know what alternative avenues exist by which [plaintiff] might exercise his right to free expression. Defendants were never served in this case and, consequently, have not been asked to explain the range of materials available to [plaintiff]." *Shakur v. Selsky*, 391 F3d 106, 116 (2d Cir 2004). Here, the blanket prohibition applies to the softcover books Plaintiff ordered as well as hardcover

books, and Plaintiff is subject to confinement beyond the sixty days which was the maximum period involved in the restriction under review in *Bell v. Wolfish*.

For the purposes of initial screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the "settled rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". *Shakur v. Selsky*, 391 F.3d 106 (2nd Cir. 2004) (holding that confiscation of certain literature violated prisoner's First Amendment rights). Thus, the issue here is whether the prison's blanket rule against any used book from any source may prove to be unreasonable under *Turner's* three-step analysis. As in *Shakur*, Plaintiff has stated a claim which may go forward at this stage.

**Plaintiff's Request For Counsel**

Plaintiff has requested the appointment of counsel (Docket No. 2). In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance, and if the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). This action was only recently commenced. Defendant has not yet responded to the allegations contained in Plaintiff's Complaint, and the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of Plaintiff's Complaint wherein he states the facts surrounding his claim. At this stage, the Court lacks sufficient information to consider the factors set forth in *Hodge*. Plaintiff's request for appointment of counsel is therefore denied without prejudice as premature.

## CONCLUSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, Plaintiff's First Amendment claim may go forward, but his remaining claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an Amended Complaint by **September 16, 2016** in which he includes the necessary allegations regarding the claims needing amendment as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978*); see also Shields v. Citytrust Bancorp*, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff's Amended Complaint must include all of the allegations against each of the Defendants so that the Amended Complaint may stand alone as the sole Complaint in this action which the Defendants must answer.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that Plaintiff is granted leave to file an Amended Complaint only as directed above by **September 16, 2016;**

FURTHER, that the Clerk of Court is directed to send to Plaintiff with this Order a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that Plaintiff's Due Process claims relating to the loss of his property are dismissed with prejudice;

FURTHER, that in the event Plaintiff fails to file an Amended Complaint as directed above by **September 16, 2016**, his disciplinary Due Process and Eighth Amendment claims are dismissed with prejudice and Defendants Quagliana, Dorman, Fuller and Veres are terminated from this action. The Clerk of Court is directed to file Plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint and supplement to the Complaint (Docket Nos. 1 and 4), and this Order upon Defendant Crowell without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor. Pursuant to 42 U.S.C. § 1997e(g)(2), the served Defendant is directed to answer the Complaint.

FURTHER, that Plaintiff's request for assignment of counsel is denied without prejudice;

SO ORDERED.

David G. Larimer
United States District Judge

DATED: _____, 2016
        Rochester, NY

10