UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JAMES R. DUNCAN, | DECISION & ORDER and |
| | REPORT & RECOMMENDATION |
| Plaintiff, | |
| | 16-CV-6328L |
| v. | |
| JAMES E. CROWELL, et al., | |
| Defendants. | |

_____

On May 23, 2016, *pro se* plaintiff James R. Duncan ("plaintiff") filed a complaint in the above-captioned matter asserting constitutional violations pursuant to 42 U.S.C. § 1983. (Docket # 1). Currently before this Court is plaintiff's request for appointment of counsel. (Docket # 6). Plaintiff also requests an order "rul[ing] in plaintiff's favor" on his claims. (Docket # 12).

## DECISION & ORDER

### Motion to Appoint Counsel

Plaintiff maintains that he requires an attorney because he lacks legal training, has limited access to legal materials and does not have the financial resources to hire an attorney. (Docket # 6). It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re*

*Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1. [w]hether the indigent's claims seem likely to be of substance;

2. [w]hether the indigent is able to investigate the crucial facts concerning his claim;

3. [w]hether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. [w]hether the legal issues involved are complex; and

5. [w]hether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* Plaintiff has not done so at this stage. Moreover, the legal issues in this case do not appear to be complex, nor does it appear that conflicting evidence will implicate the need for extensive cross-examination at trial. Finally, plaintiff's case does not present any special reasons justifying the assignment of counsel. On this record, plaintiff's request for the appointment of counsel **(Docket # 6)** is **DENIED without prejudice** at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

## REPORT & RECOMMENDATION

**Motion for Ruling in Plaintiff's Favor**

Turning to plaintiff's second motion, it is unclear what relief plaintiff seeks. (Docket # 12). Insofar as his motion requests a ruling that his claims should "progress forward on the merits," such motion is unnecessary at this stage of the litigation as plaintiff recently filed an amended complaint in response to Judge Larimer's August 16, 2016, Order permitting him to do so. When defendants answer the amended complaint, this Court will conduct a conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and issue a scheduling order to govern the progress of this lawsuit. Accordingly, plaintiff's motion for a ruling in his favor (Docket # 12) should be denied at this stage as premature.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for the appointment of counsel **(Docket # 6)** is **DENIED without prejudice**. Further, for the reasons stated above, I recommend that the district court deny as premature plaintiff's motion for a ruling in his favor on all claims. (Docket #12).

**IT IS SO ORDERED.**

                                                 *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
       December 1, 2016

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to Plaintiff and the attorney for the Defendants.

**IT IS SO ORDERED.**

      *s/Marian W. Payson*
      MARIAN W. PAYSON
      United States Magistrate Judge

Dated: Rochester, New York
      December 1, 2016